An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARIO ALEJANDRO LOPEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65048

**FILED**

OCT 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary while in possession of a deadly weapon, child abuse and neglect with the use of a deadly weapon resulting in substantial bodily harm, assault with a deadly weapon, and two counts each of attempted murder with the use of a deadly weapon and battery with the use of a deadly weapon resulting in substantial bodily harm constituting domestic violence. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Mario Alejandro Lopez contends that the district court abused its discretion by denying his motions to substitute counsel without questioning him personally. When determining whether a district court abused its discretion by denying a motion to substitute counsel, we consider (1) the alleged extent of the conflict, (2) the adequacy of the court's inquiry, and (3) the timeliness of the defendant's motion. *Young v. State*, 120 Nev. 963, 968-69, 102 P.3d 572, 576 (2004). Here, after the trial date was reset twice, defense counsel moved to withdraw on the ground that his investigator's cousin lived with Lopez years before the incident in

SUPREME COURT
OF
NEVADA

(0) 1947A

14-34386

question. Counsel explained that he and Lopez had a "fantastic" relationship and he did not want to withdraw but needed to bring the issue to the court's attention. The district court concluded that the circumstances did not warrant substitution; a new investigator was assigned and trial was reset a third time. Shortly thereafter, counsel moved to withdraw again, explaining that Lopez now believed the former investigator had tried to sell his children and therefore he did not trust counsel and the public defenders' office. The district court questioned counsel regarding the extent of the conflict; counsel did not assert that there had been a breakdown in communication, he made clear that there was no merit to Lopez's allegations, and he announced that he was ready for trial. Under these circumstances, we conclude that the district court did not abuse its discretion by concluding that there was not a conflict sufficient to warrant substitution and denying Lopez's motions. *See Gallego v. State*, 117 Nev. 348, 363, 23 P.3d 227, 237-38 (2001), *abrogated on other grounds by Nunnery v. State*, 127 Nev. ___, 263 P.3d 235 (2011).

Next, Lopez contends that the prosecutor committed numerous instances of misconduct. When reviewing allegations of prosecutorial misconduct, we first consider whether the prosecutor's conduct was improper, and then determine whether any improper conduct warrants reversal. *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008).

First, Lopez contends that the prosecutor committed misconduct by misstating the law regarding voluntary intoxication.

Because Lopez did not object, we review this contention for plain error. *Id.* at 1190, 196 P.3d at 477. During closing argument, the State argued that voluntary intoxication does not play a legal role unless the intoxicated individual "is slurring, they can't talk, they can't hold their head up, they can't look straight, they're stumbling, their friends are carrying them. [They] literally can't figure out where they are or what they're doing." Lopez asserts that this suggested to the jury that they were prohibited from considering his defense of voluntary intoxication because he did not exhibit these symptoms, which shifted the burden of proof to him. We disagree. Considering the statements in context, the prosecutor appropriately argued that even if Lopez was intoxicated, he was not so intoxicated that he was unable to form the intent to commit the charged crimes. Moreover, after the prosecutor made these comments, he went on to contrast individuals who merely make bad decisions while intoxicated from those who are so intoxicated that they cannot form specific intent, explaining that the jury had to look at the defendant's actions on the night in question to determine his intent. Finally, the jury was properly instructed regarding the defense of voluntary intoxication, that the State bore the burden of proof, and that counsel's arguments are not evidence. We conclude that Lopez fails to demonstrate plain error.

Second, Lopez contends that, because he had not challenged his family members' veracity during his direct examination, the prosecutor committed misconduct by repeatedly asking him during cross-examination whether they were "mistaken" or not "truthful." *See Daniel v. State,* 119

Nev. 498, 519, 78 P.3d 890, 904 (2003). On direct examination, Lopez disputed his family's version of the events leading up to the attack, but stated he did not remember the attack itself and did not challenge their version of the attack. On cross-examination, the prosecutor repeatedly pushed Lopez towards commenting on the veracity of his family regarding the unchallenged portions of their testimony. We conclude that this constitutes misconduct, *see id.*, and the district court abused its discretion by overruling Lopez's objection to these questions. However, we also conclude that these errors were undoubtedly harmless in light of the substantial evidence presented at trial and no relief is warranted. *See* NRS 178.598; *Tavares v. State*, 117 Nev. 725, 732, 30 P.3d 1128, 1132 (2001) (an error is harmless unless it "had substantial and injurious effect or influence in determining the jury's verdict" (internal quotation marks omitted)), *holding modified by Mclellan v. State*, 124 Nev. 263, 182 P.3d 106 (2008); *see also Valdez*, 124 Nev. at 1188-89, 196 P.3d at 476.

Third, Lopez contends that the prosecutor committed misconduct by (1) implying personal knowledge of the events, (2) making unsupported and speculative statements, (3) demeaning him and his defense, (4) inflaming the jury, and (5) commenting on prohibited matters. Having considered the statements that Lopez challenges on appeal, we conclude that some crossed the line of appropriate advocacy; however, Lopez failed to object below, and none rise to the level of plain error. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477 ("[A]n error that is plain from a review of the record does not require reversal unless the defendant

SUPREME COURT
OF
NEVADA

(O) 1947A

4

demonstrates that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice." (internal quotation marks omitted)); *see also Thomas v. State*, 120 Nev. 37, 47, 83 P.3d 818, 825 (2004) ("[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone" (quoting *United States v. Young*, 470 U.S. 1, 11 (1985))).

Next, Lopez contends that the district court abused its discretion at sentencing by failing to state on the record that it had considered the factors enumerated in NRS 193.165 before imposing the sentences for the deadly weapon enhancements. Lopez did not object and he fails to demonstrate plain error because the district court was presented with substantial evidence regarding the crime, its effect on the victims, and the mitigation offered by Lopez, and "nothing in the record indicates that the district court's failure to make certain findings on the record had any bearing on the district court's sentencing decision." *Mendoza–Lobos v. State*, 125 Nev. 634, 644, 218 P.3d 501, 507–08 (2009).

Finally, Lopez contends that cumulative error warrants relief. Having balanced the relevant factors, we disagree. *See Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (considering: "'(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged.'" (quoting *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854–55 (2000))). Here, the issue of guilt was not close. Although Lopez asserted at trial that he had consumed numerous intoxicants and his wife instigated the attack, this version was inconsistent with statements he

had previously given and with a majority of the evidence. Moreover, substantial evidence indicated that Lopez was not intoxicated to the extent that he was unable to form the intent to commit the charged crimes. Finally, although the crimes were grave, the misconduct we have identified was not egregious. *Cf. Valdez*, 124 Nev. at 1198, 196 P.3d at 482.

Having considered Lopez's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[1]

_____ *Pickering* _____, J.
Pickering

_____ *Parraguirre* _____, J.
Parraguirre

_____ *Saitta* _____, J.
Saitta

cc:   Hon. Michael Villani, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[1]We deny Lopez's motion to reconsider the denial of his motion to stay consideration of this appeal.

